1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

MATTHEW RAIN and MARY RAIN,

CASE NO. C14-5088 RJB

Plaintiffs,

12

ORDER ON PLAINTIFF'S [SIC]
MOTION TO REMAND CASE TO
STATE COURT

v.

13

14

AMERIPRISE AUTO & HOME
INSURANCE AGENCY, INC. and IDS
PROPERTY CASUALTY INSURANCE
COMPANY,

15

16

Defendants.

17

18

This matter comes before the court on Plaintiff's [sic] Motion to Remand Case to State

Court (Dkt. 8).  The court has considered the motion and the remainder of the file herein.

19

### FACTUAL AND PROCEDURAL BACKGROUND

20

The material facts are undisputed.  On December 16, 2013, Plaintiffs filed this case in

21

Kitsap County Superior Court alleging claims of breach of contract, unreasonable denial of

22

Additional Living Expenses (ALE) benefits, and unreasonable delay in payment of dwelling

23

coverage benefits against Defendant Ameriprise Auto & Home Insurance Agency, Inc.

24

1   (Ameriprise).  Dkt. 1-2.  On January 28, 2014 Plaintiffs filed its First Amended Complaint in

2   Kitsap County Superior Court, adding IDS Property Casualty Insurance Company (IDS) as a

3   Defendant for all three claims.  Dkt. 7-2.

4        On January 30, 2014, IDS removed the case to this court based on diversity jurisdiction,

5   but it attached the original complaint from December 16, 2013, rather than the amended

6   complaint.  In a declaration in support of removal, IDS represented that Ameriprise is a

7   subsidiary of IDS, which is a resident of Wisconsin, and that Plaintiffs are residents of

8   Washington.  Dkt. 2 at 2.  The declaration also stated that "[a]lthough Plaintiffs have not pled a

9   specific amount of damages it is seeking, on information and belief that amount is in excess of

10   $75,000."  Dkt. 2 at 3.  On February 7, 2014, IDS filed a supplemental declaration to conform its

11   removal to LCR 101(b) by to attaching the amended complaint.  Dkt. 7.

12        On February 13, 2014, Plaintiffs filed this Motion to Remand, requesting that the court

13   remand this case to Kitsap County Superior Court and award costs and attorney's fees associated

14   with the removal.  Dkt. 8.  Plaintiffs argue that Defendants have presented no evidence or facts

15   that the amount in controversy exceeds $75,000 other than Defendants' bare assertion on

16   "information and belief."  Dkt. 8 at 1 (quoting Dkt. 2 at 3).  Plaintiffs also argue that the case

17   should be remanded because Defendants did not comply with LCR 101(a) by failing to state *why*

18   it believed the amount in controversy exceeded $75,000.  *Id.* at 7–8.  Plaintiffs appear to concede

19   that there is complete diversity among the parties.  *See id.*

20        On March 10, 2014, Defendants responded that the amount in controversy had been

21   proven because: (1) the IFCA mandates attorney fees and expert costs to a prevailing plaintiff,

22   (2) IFCA requires treble damages; (3) the ALE coverage would be $41,400 based on fair market

23   calculations, and $124,200 in treble damages; (4) delays in initial and supplemental payments for

24

1  dwelling coverage would amount to approximately $86,000, which is $258,000 in treble

2  damages; and (5) Plaintiffs would also be awarded approximately $100,000 in attorney's fees

3  under Washington law and comparable hourly rates.  Dkt. 12.  Therefore, Defendants estimate

4  actual damages at $127,400, and $382,200 when treble damages and attorney's fees are included.

5  *See id.*

6         Plaintiffs replied on March 14, 2014, arguing that (1) Defendants are late in providing the

7  basis for the alleged amount in controversy under LCR 101(a); (2) Defendants' calculations of

8  damages are erroneous and made in bad faith; (3) Defendants rely on inflated attorneys' fees and

9  punitive damages; (4) the court cannot cap Plaintiffs' damages on remand because it would be

10  lacking in subject matter jurisdiction; and (5) the court should award Plaintiffs attorneys' fees

11  associated with the removal and remand in this case.  Dkt. 15.  Plaintiffs did not provide any

12  calculations of estimated damages sought and did not admit to any of Defendants' proposed

13  figures.  *See id.*

14                    **STANDARD FOR REMOVAL**

15         The district courts of the United States have "original jurisdiction" where there is

16  complete diversity between the parties and the amount in controversy exceeds $75,000.  28

17  U.S.C. § 1332(a)(1).  The burden of establishing federal jurisdiction is on the party seeking

18  removal, and the removal statute is strictly construed against removal jurisdiction.  *Prize Frize,*

19  *Inc. v. Matrix (U.S.), Inc*., 167 F.3d 1261, 1265 (9th Cir. 1999).  In this case, Defendants have

20  the burden of showing that it has complied with the procedural requirements for removal.  *Riggs*

21  *v. Plaid Pantries, Inc*., 233 F.Supp.2d 1260, 1264 (D. Or. 2001); *Schwartz v. FHP Int'l Corp*.,

22  947 F.Supp. 1354, 1360 (D. Ariz. 1996).  There is a strong presumption against federal

23

24

jurisdiction.  If there is any doubt as to the existence of federal jurisdiction, the court should remand the matter to state court.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

Specifically, the removing defendant bears the burden of establishing any applicable amount in controversy requirement.  *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 682–83 (9th Cir. 2006).  The presumption against removal jurisdiction applies with particular force to defendant's arguments that the complaint frames an amount in controversy that exceeds the jurisdictional minimum.  *Gaus,* 980 F.2d at 566; *Rodgers v. Cen. Locating Serv., Ltd*., 412 F. Supp.2d 1171, 1175 (W.D. Wash. 2006).  Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement.  *Abrego Abrego*, 443 F.3d at 683; *Gaus,* 980 F.2dat 566–67; *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996).

Conclusory allegations by the defendant will not suffice to overcome the traditional presumption against removal jurisdiction.  *Rodgers*, 412 F.Supp.2d at 1178; *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 375 (9th Cir. 1997).  The courts may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy, tested as of the time of removal.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004).

It is not facially evident from the face of Plaintiffs' complaint that the matter in controversy exceeds $75,000.  Although IDS did not set forth the necessary supports in the removal petition, it provided the court with summary-judgment-type evidence tending to establish that the matter in controversy exceeds $75,000.  Contrary to Plaintiffs' beliefs, violation of LCR 101(b) is not a basis for granting remand.

1    In the complaint, Plaintiffs requested relief by award of ALE coverage.  Dkt. 7-2 at 4.

2    Defendants base the calculation of ALE coverage as $41,400 based on the low end on the fair

3    rental value for a comparable property.  This is a reasonable amount to allege in these

4    circumstances and Plaintiffs do not contest this amount in their reply.

5    The Insurance Fair Conduct Act (IFCA) creates a private cause of action to a first-party

6    claimant who has been unreasonably denied insurance coverage and provides for treble damages

7    and an attorney fee award.  *See* RCW 48.30.015(1)-(3).  Although Plaintiffs protest the use of the

8    three times multiplier, Plaintiffs specifically requested "three times the actual damages, pursuant

9    to Washington's Insurance Fair Conduct Act, RCW 48.30.015," in the complaint.  Dkt. 7-2 at 9.

10   Accordingly, Plaintiffs' claims for ALE alone ($41,400) are trebled to the amount of $124,200.

11   In addition, Defendants also reasonably allege, and Plaintiffs do not propose alternative

12   amounts, that Plaintiffs' claim includes approximately $100,000 attorney's fees, and $86,000 in

13   lost interest, trebled to $258,000.  In the complaint, Plaintiffs also request "lost opportunities to

14   purchase replacement housing; increased mortgage rates; increased costs of construction;

15   inconvenience; emotional harm; and pain and suffering," as damages.  Dkt. 7-2 at 8.

16   IDS has met its burden of showing by a preponderance of evidence that the amount in

17   controversy exceeds $75,000.00, even without the inclusion of attorney's fees or lost interest.

18   The Court has jurisdiction over this matter by diversity jurisdiction and Plaintiffs' Motion to

19   Remand should be denied.

20                          **ATTORNEY'S FEES**

21   Plaintiffs seek an award of attorney's fees pursuant to 28 U.S.C. 1447(c).  Following

22   remand of a case upon unsuccessful removal, the district court may, in its discretion, award

23   attorney's fees "incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual

24

1  circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

2  lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

3  reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

4  141 (2005).

5       Here, it was not objectively unreasonable for IDS to seek removal.  In fact, Defendants

6  have proven, by a preponderance of the evidence, that removal was proper.  Plaintiffs' request

7  for an award of fees, costs, and expenses pursuant to 28 U.S.C. 1447(c) should be denied.

8                                    **ORDER**

9       Accordingly, Plaintiff's [sic] Motion to Remand Case to State Court (Dkt. 8) is hereby

10 **DENIED**.  Plaintiffs' request for attorney fees and costs (Dkt. 8) is **DENIED**.  The Clerk is

11 directed to send uncertified copies of this Order to all counsel of record and to any party

12 appearing *pro se* at said party's last known address.

13      Dated this 18th day of March, 2014.

14

15

16      ROBERT J. BRYAN
        United States District Judge

17

18

19

20

21

22

23

24